IN THE UNITED STATES DISTRICT COURT
FOR THEWESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 11, 2026

Laura A. Austin, Clerk
BY: */s/ K. Lokey*

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  3:26mj9 |
| | ) | |
| GUSTAVO QUINTERO | ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, B. W. Thorn, being duly sworn, depose and state:

## I.  INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging the above named defendant with a misdemeanor violation of 18 U.S.C § 111(a)(1) (assault on officers) in that Gustavo QUINTERO did, on or about January 15, 2026, in Harrisonburg, Virginia, which is located in the Western District of Virginia, assault a federal officer of the Department of Homeland Security engaged in the performance of official duties when QUINTERO spit in the face of Special Agent B. W. Thorn.

2. I am a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since June 2023.  Prior to my employment with HSI, I was employed as a State Trooper with the West Virginia State Police for approximately ten years.  I also hold a Bachelor of Science in Criminal Justice, with a focus on Law and Justice, from California University of Pennsylvania and a Municipal Police Certification from Westmoreland County Community College Policy Academy.

1

3.      I have training and experience in the enforcement of the laws of the United States, including the preparation, presentation, and service of subpoenas, affidavits, criminal complaints, search warrants, and arrests warrants.

4.      I have received specialized training in identifying, investigating and charging those who assault, obstruct, or impede federal or state investigations.  I have successfully prosecuted obstruction and assault on law enforcement charges in state court.

5.      This affidavit is based on information obtained by me, information conveyed to me by other law enforcement officers, and a review of evidence, records, and documents obtained during the course of the investigation. This affidavit reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds and new information is discovered. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

6.      This affidavit is submitted for the limited purpose of securing an arrest warrant.  It does not include each and every fact known to me or the government about the investigation.  I have set forth only those facts that I believe are necessary to establish probable cause.

## II.  APPLICABLE LAW

7.      18 U.S.C. § 111(a) states:

" Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . be fined under this title or imprisoned not more than one year, or both."

2

### III. PROBABLE CAUSE

8.      On January 15, 2026, at approximately 0935 hours, HSI Harrisonburg Special Agent Thorn and Immigration and Custom's Enforcement (ICE) Enforcement and Removal Operations (ERO) Officer B. Goff, along with HSI Task Force Officers (TFOs) M. Schneider and J. Lavin from the Albemarle County Police Department (ACPD), traveled to Albemarle Charlottesville Regional Jail, in Charlottesville, Virginia (Western District of Virginia), to execute a federal arrest warrant on Gustavo QUINTERO.

9.      QUINTERO was previously indicted on charges of 18 U.S.C. § 2422(b), Coercion and Enticement of a minor; 18 U.S.C. § 2422(a), Coercion and Enticement of an Adult; 18 U.S.C. § 2251(a), Sexual Exploitation of Children; and 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography.

10.     Upon arrival at the jail, Special Agent Thorn identified himself as a Special Agent with Homeland Security and informed QUINTERO the reason for his encounter with federal law enforcement was due to QUINTERO's pending federal arrest warrants and further, that QUINTERO was going to be taken before a federal magistrate for his initial appearance.

11.     After Special Agent Thorn restrained QUINTERO in handcuffs, belly chain, and leg shackles, QUINTERO looked at Officer Goff and threatened him, stating, "I'm going to spit on you."

12.     Once QUINTERO made the threat to spit on an officer, Special Agent Thorn retrieved a spit hood, a device which is placed over a detainee's head to prevent that person from spitting on others.

3

13. QUINTERO responded "You ain't gonna put that shit on me." When Special Agent Thorn reiterated that a spit hood was going to be placed on his head, QUINTERO stated, "I'm gonna act up."

14. Special Agent Thorn instructed QUINTERO to turn away and face the wall. Officer Goff opened the spit hood and approached QUINTERO.

15. QUINTERO became increasingly combative and continued to advise officers he did not want the spit hood on his head.

16. As Officer Goff reached towards QUINTERO to place the hood over his head, QUINTERO spit directly at Special Agent Thorn's face. Special Agent Thorn felt the spit hit the right side of his face.

## CONCLUSION

17. Based upon the foregoing, I submit there is probable cause to conclude that on or about January 15, 2026, Gustavo QUINTERO did assault a federal officer of the Department of Homeland Security engaged in the performance of official duties when QUINTERO spit in the face of Special Agent B. W. Thorn.

## OATH

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Benjamin W. Thorn
Benjamin W. Thorn
Special Agent, Homeland Security

4

Investigations

Received by reliable electronic means and sworn and attested to by telephone on this ___11th___day of February, 2026.

JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

The Acting U.S. Attorney has reviewed the entire Complaint package and approves it

5